## Edwin N. Shelton *vs.* The Town of Derby.

The statute with regard to the laying out of highways (Rev. Stat. tit. 24, § 24,) provides that an application to the superior court for a highway, shall, unless the parties shall agree on the judgment to be rendered, be referred by the court to a committee, to be heard by them " at such time and place, and with such notice to those interested therein, as said court shall order." Held that by the term " those interested therein," persons other than those already before the court as parties to the record are intended—persons whose lands might be taken for the highway, or who might be injuriously affected by the laying out of the same, and who have therefore a right to be heard before the committee.

Where therefore, upon a petition for a highway in the town of D, to which the town was the only party respondent, the court referred the application to a committee and appointed the time and place for the hearing before them, but made no other order of notice than the following—" that, as to the time and place of the hearing, the parties, being in court, shall take notice of this order, and such notice shall be sufficient"—it was held that this order of notice was insufficient and the proceeding erroneous by reason thereof.

The statute leaves to the discretion of the court only the mode in which the notice shall be given, and the court has no right, in its discretion, to omit the order of notice entirely.

The omission of such notice may be taken advantage of by a remonstrance against the acceptance of the report of the committee; the proceeding to hear and decide upon the application, when the notice required by the statute had not been given, being " irregular and improper conduct" on the part of the committee, within the meaning of the statute.

Where the road was laid by the committee over land belonging to the unsettled estate of a deceased person, and the party remonstrating had no other interest than as one of the residuary legatees under the will of such deceased person and as one of his heirs at law, and the executors were authorized to sell the land and convert it into money, and the interest of the remonstrant under the will was liable to be divested upon a certain contingency, it was held that he had a sufficient interest in the land taken to have a right to object to the omission of the notice and to appear and remonstrate against the acceptance of the report.

Held also that it was not necessary that before being permitted to appear, he should give a bond to the town of D, (the respondent on the record;) to save it harmless from all cost resulting from his appearance, under the statute which provides that any member of a community, appearing in and defending a suit brought against the community, shall give such bond; since he was here appearing in his own name and to defend his own rights, and not in the name or to defend the rights of the town.

Highway petition. The town of Derby was the only party respondent. The superior court, at the term at which

Shelton *v.* The Town of Derby.

the suit was brought, referred the case to a committee for a hearing as to the necessity and expediency of laying out the road, and appointed the time and place for the hearing before the committee, and as to the notice required by the statute ordered as follows: "And that, as to the time and place of said hearing, the parties, being in court, shall take notice of this order, and that such notice shall be sufficient notice, and that the case be continued to the next regular term of this court, to which the report of said committee shall be returned."*

The committee met at the time and place appointed, heard the parties as to the expediency and necessity of the road, found the road to be of common convenience and necessity, laid out the same and assessed damages for the land taken, and made their report at the next succeeding term of the superior court. Among the damages assessed was the sum of $65, "to the legal representatives of Anson G. Phelps, late of the city of New York, deceased." The petition described the land over which the road was prayed to be laid as in part belonging to the estate of the said Phelps. Upon the return of the report, James Stokes, and his wife Caroline P. Stokes, of the city and state of New York, claimed the right to appear in court and remonstrate against its acceptance. The said Caroline was one of the residuary legatees of the will of the said Anson G. Phelps, and also one of his heirs at law, her interest under the will being subject to be divested upon certain contingencies. By the will no specific disposition of the land in question was made, but it authorized the execu-

---

* The statute provides with regard to an application for a highway, that "such application, unless the parties shall agree as to the judgment to be rendered in said case, shall be heard and decided by the county commissioners, [under a later statute by a special committee,] *at such time and place, and with such notice to those interested therein, as said court shall order,* and if said commissioners shall be of opinion that such highway will be of common convenience and necessity, they shall survey and lay out the same, and assess the damages which will thereby accrue to individuals, and shall make report in writing of their doings to said court; and said court may set aside the doings of said commissioners for any irregular or improper conduct in the performance of their duties."

tors to convert the whole estate into money for the purposes
of distribution among the legatees. Olivia Phelps, the wid-
ow of the testator, who was named in the will as one of the
executors, had proved the will in this state, and was qualified
as sole executrix here. The petitioner and the town of Derby
objected to the said Stokes and wife being allowed to appear
and remonstrate, unless they would file a bond to indemnify
the town from all cost by reason of such appearance—claim-
ing that under the act of 1849 they were bound to furnish
such bond if allowed to appear;* but the court overruled the
objection and allowed them to appear and be heard without
filing such bond. The ground of remonstrance was that the
superior court had made no order for giving to the remon-
strants, or generally to persons interested, notice of the time
and place of the hearing before the committee, and that the
committee had proceeded to hear the case and had laid out
the road and assessed the damages without giving such no-
tice and without the presence of the remonstrants, and in so
doing had conducted in an irregular and improper manner.
It appeared, upon the hearing of the remonstrance, that after
the service of the petition and prior to the term of the court
at which it was returnable, the petitioner had called upon the
said James Stokes in the city of New York, and also upon
William E. Dodge, one of the executors of the will of the said
Anson G. Phelps in the state of New York, and informed
them of the service and pendency of the petition, and at what
term of the court it was returnable, and had endeavored to
negotiate with them for the right of way over the land in
question. It did not appear that any other actual notice was
given in the case prior to the hearing before the committee.
The court overruled the remonstrance and accepted the re-
port of the committee. Thereupon the said Stokes and wife
moved for a jury to re-assess the damages, which motion was

---

* The act here referred to is as follows : " Whenever in any action against a
community an individual member of such community shall appear to defend
against the action, he shall procure bond with surety to the acceptance of the
court in which the action is pending, to indemnify and save harmless such
community from all costs which may arise by reason of such appearance."

granted, a jury was appointed, and the case continued to the next term of the court; but before the time appointed for the meeting of the jury, the remonstrants directed the clerk of the court not to issue a venire, and the jury accordingly were not called out. At the next term the court passed a decree establishing the highway as laid out by the committee and ordering the payment of the damages assessed by them. The remonstrants thereupon filed a motion in error and brought the record before this court, assigning as error the matters set up in their remonstrance and the refusal of the court below to set aside the report upon the remonstrance.

*Baldwin* and *H. D. White*, for the plaintiffs in error.

1. Aside from the requirements of the statute, it is, on general principles, necessary that notice be given to a party whose land is to be taken for a public highway, that he may appear and be heard, both as to whether his land shall be taken and as to the compensation to be awarded him. The land can be taken only when "common convenience and necessity" require it, and whether such necessity exists is a matter for a legal inquiry, at which he should have the opportunity to be present and be heard. *Dennison* v. *Hyde*, 6 Conn., 519. *Wood* v. *Watkinson*, 17 id., 500. *Owners of Ground* v. *Mayor of Albany*, 15 Wend., 374. *Matter of Flatbush Avenue*, 1 Barb., 286.

2. But the statute expressly directs that such notice shall be given, and, in the case of highways laid out by selectmen, prescribes the mode of giving notice. Where, as here, the highway is laid out by the superior court, the statute directs that notice of the hearing before the committee shall be given "*to those interested therein*"—the mode of giving the notice being left to the discretion of the court. The notice here ordered was only to the parties, none whatever being ordered to be given to the remonstrants or to parties interested generally. By "those interested therein" is obviously intended persons not parties, as there would be no occasion for giving special notice to the parties already in court, and the expres-

sion can have reference only to those whose lands might be taken for the road, and who might be interested in opposing it or in being heard as to the damages. The right of such parties to be heard has always been recognized in this state. And it makes no difference that the remonstrants resided out of the state. They were none the less interested, and were entitled to all the privileges of our own citizens. *Commonwealth* v. *Cambridge*, 7 Mass., 160. It can not be claimed that the notice given to Mr. Stokes, and to one of the executors in New York, of the fact of the pendency of the petition, was notice of the time and place of the hearing before the committee. It was only before the committee, and not at an earlier stage of the case before the court, that the remonstrants could properly appear, and it was only of the hearing before the committee that they would desire notice. That the persons interested in the estate of Mr. Phelps were interested in the petition, and should have been so regarded by the court in ordering notice, is obvious from the petition itself, which describes the land to be taken as in part belonging to the estate of Mr. Phelps.

3. The remonstrants have such an interest in the land over which the road is laid out, as to be regarded as interested in the hearing before the committee. They are, with others, residuary legatees under the will of Mr. Phelps. As such, they are of course interested in whatever may affect the value of the whole estate. Their interest, however it may be affected by future contingencies, is now vested. If the will should be set aside, they would be interested as heirs at law. The right of the executors to sell this land and convert it into money, does not make them any less interested.

4. The right of the remonstrants to appear does not depend on their giving a bond of indemnity to the town of Derby. They are appearing, not to assume the defence in the name of the town, and not as inhabitants of that town, but in their own names and to assert their own private rights.

*Wooster*, for the defendant in error.

1. There was no error in the acceptance by the court of

the report of the committee. By the express terms of the statute the doings of the committee could be set aside only for irregular or improper conduct in the performance of their duties. Rev. Stat., tit. 24, § 24. No such irregular or improper conduct is alleged in the remonstrance or found by the court.

2. All the notice required by the statute was given. The process was legally served on the town and its selectmen. Actual notice was given to the remonstrants in the city of New York before the session of the court to which the petition was returnable. At the session of the court the remonstrants did not appear, and the court issued the order of notice on file. The notice required by the statute is " such notice to those interested therein *as the court shall order.*" Sec. 24. The action of the court with regard to the notice is entirely discretionary, and not a subject of error. The statute does not contemplate a notice of the time and place of the hearing before the committee, to operate on any other parties than those reached by service of the original petition, for the parties appearing in court, when legal service had been made on the town, might have "agreed as to the judgment to be rendered," and all parties would have been concluded thereby. Sec. 24. Nor does the statute contemplate notice to parties out of the state. If the selectmen had laid out this road, as they might have done, no notice to parties out of the state would have been required; and no principle of justice demands of the court a rule requiring notice where the statute has not prescribed it. *Crane* v. *Camp*, 12 Conn., 464. The town is the interested party. *Plainfield* v. *Packer*, 11 Conn., 578. A resident of another state has no right to be heard upon the question of common convenience and necessity. His only right to be heard is upon the question of damages under the statute, and the rulings of our courts upon remonstrances against reports of commissioners on the ground that notice of the time of assessing damages had not been given, have always been that such notice was not necessary. *Crane* v. *Camp*, 12 Conn., 470. The party aggrieved may move for a reassessment. These remonstrants did so move and

then withdrew their proceedings. They have had every benefit which the statute gives them, and can not justly complain.

3. These remonstrants have not such an interest as will permit them to remonstrate. If any person could move for error in these proceedings it is Olivia Phelps, executrix of the will of Anson G. Phelps, deceased. The interest of the remonstrants under the will is moreover contingent, and is not an interest in this land specifically, but only in a general residue of the estate.

4. The remonstrants, whether interested or not, have no right to appear in the case, since they have never filed a bond of indemnity to the town of Derby, pursuant to the statute of 1849. Rev. Stat., (comp. 1854,) p. 65. The present suit is against the town, and the remonstrants ask to be allowed to appear and defend against it. It thus falls within the very terms of the statute.

WALDO, J. No exception is taken to the proceedings in this case previous to the appointment of the committee to hear and decide the matters contained in the application. The application is in the usual form, the proper party is made respondent, and legal notice of the pendency of the application is given. The parties then before the court were the petitioner on the one part, and the town of Derby on the other. The record shows that they did not agree upon the judgment that should be rendered, and the application was by the court referred to a committee. In such cases the statute requires the court, not only to order and direct when and where the hearing before the committee is to be had, but also to prescribe the notice of the hearing to be given to those interested in the pending application. In this case the court did, in its order, prescribe the time and place of hearing by the committee, and in relation to notice the order proceeds as follows " As to the time and place of hearing, the parties being in court, shall take notice of this order, and such notice shall be sufficient notice." In this order the court only gives notice to the parties then in court. In this stage of the proceeding the parties required to be in court are only the petitioner and

the respondent. But other persons are interested in applications of this character. There are those whose lands may be taken for the highway, and those whose interests may be injuriously affected by the laying out of the contemplated road. The statute does not contemplate any notice to this class of persons until the application is referred to a committee, and before that they are in no sense parties to the proceeding. But when the application is referred to a committee the court is required to prescribe the notice to be given, not to the parties then in court, but to those interested in the pending application. If the legislature did not intend that notice should be given to any but the parties in court, why have they used language indicating a distinction between "parties" and "those interested?" The parties may agree as to the judgment that shall be rendered, but in case a hearing is to be had before a committee, then the statute provides for a notice to those interested. Again in section 25th of the same statute, provision is made for the appearance before the court of "all parties interested in or affected by the laying out of such highway, to remonstrate against the report of the committee for irregular or improper conduct." Now if the parties only were intended and included, why make any provision for their appearance? The parties are before the court from the commencement of the process. It is evident the legislature contemplated that other persons than the parties to the original proceeding should be before the committee, and heard upon the questions to be by them determined; and hence the reason for the provision that notice shall be given to those interested in the application. The hearing on the preliminary questions by the court is confined to the parties to the record; but upon the question of common convenience and necessity, to be heard only by the committee, a wider range is contemplated, and others than the parties to the record may be heard. These are embraced in the term "those interested therein," which includes all who may be affected by the contemplated highway, and all whose interests may be adverse to those of the town on the question of damages. The statute provides that the court shall prescribe

the notice to be given to these persons, but it does not indicate what the notice shall be. That some notice must be given is not questioned, but the particular form of notice is left to the sound discretion of the court in each particular case. In the case under consideration no notice of the time and place of the meeting of the committee was given to any but the parties to the record. The persons whose land is to be taken for the use of the public had no notice of the proceedings that were to affect their interests. The right of the public to take their land for this purpose is in derogation of the natural rights of persons, and is regulated by statute, and the provisions of the statute must be strictly followed. That statute, as we have shown, provides that notice shall be given to this class of persons, which, in this case, has not been done; consequently there is an error in this respect that vitiates these proceedings.

Can this defect in these proceedings be assigned as a cause of remonstrance against the report of the committee? The statute provides that all persons interested in or affected by the laying out or altering of a highway may appear before the court and remonstrate against the acceptance of the report of the committee for any irregular or improper conduct. It is claimed by the defendant in error that this defect is not the fault of the committee, but the fault of the court, and consequently can not be a cause of remonstrance for irregular or improper conduct on the part of the committee. It is true that this was primarily an error of the court, but this error took from the committee their jurisdiction. The committee can proceed to hear and decide the matters contained in the application upon notice being given to those interested therein, but if no such notice be given they have no authority to act. In a case where the court had ordered a notice to the persons interested, if a committee should proceed to a hearing when the prescribed notice had not been given, their conduct would unquestionably be irregular and improper; for such a trial would be *ex parte*, and might be prejudicial to persons who would have had no opportunity to be heard. And if a committee should proceed to a hearing when no

notice could be given to those interested, because none is prescribed by the court, the effect of such hearing would be equally prejudicial to persons interested, equally *ex parte*, and equally irregular and improper. If therefore the committee proceed to a hearing in any case without notice to the persons interested, they do it without any authority, and their conduct is, as to that proceeding, irregular and improper. Besides, if the court erred in omitting to order the required notice, it is for the interest of all parties to have the error corrected at the earliest practicable stage of the proceedings. This would be when the report of the committee was returned to court, and when all parties in interest have a right to appear. If the report be then set aside for this cause, the committee may be reappointed, the proper notice prescribed, and much time and expense saved. We therefore regard it as not only a matter of right, but also of expediency, to take advantage of this defect in a remonstrance against the report of the committee.

The defendant in error insists that these remonstrants have no interest in the land affected by the laying out of this highway; and as they are not inhabitants of the town of Derby they have no right to appear in this proceeding. The record shows that the land over which the highway is laid belongs to the estate of Anson G. Phelps, deceased. It is admitted that Mrs. Stokes, one of the remonstrants, is one of the residuary legatees of said Phelps, and an heir at law to his estate, and the wife of the other remonstrant. It is therefore apparent that the remonstrants have an interest in the land in question, and may be affected by the laying out of this highway. The extent and value of this interest may not be very great, but we can not say they have no interest, or that they are not affected by this proceeding.

It is further insisted that if the remonstrants have a right to appear, yet they should not have been permitted to remonstrate against the acceptance of the report of the committee without first having given a bond to indemnify the town of Derby from all costs which might arise from their appearance. The statute that has suggested this objection provides that

" whenever in any action against a community, an individual member of such community shall appear to defend against the action, he shall procure bond with surety to the acceptance of the court in which the action is pending, to indemnify and save harmless such community from all costs which may arise by reason of such appearance." Rev. Stat., (comp. 1854,) p. 65.

This statute requires a bond to be given when an individual member of a community appears to defend against an action brought against such community. In this case the remonstrants do not appear for any such purpose, but for the purpose of defending their own rights and interests. They did not appear in the first instance to defend in the name of the town of Derby, and they could not have done so, for it is admitted they are not members of that community. But they appear by authority of that provision of the statute relating to highways that provides that all persons interested in or affected by the laying out of a highway may appear, &c. For an appearance in this stage of the proceeding and for this purpose no bond is required. We are therefore of opinion that these remonstrants have a right to appear, and that there is manifest error in these proceedings.

The other judges concurred in this opinion.

*Judgment reversed.*