Pond *v.* Town of Milford.

--------◆◆--------

## WILLIAM S. POND AND OTHERS *vs.* TOWN OF MILFORD.

On a petition for a highway the petitioners and the respondent town agreed on a committee, which was appointed by the court, a member of which was a landholder and tax-payer of the town. By statute the committee was to be disinterested. Its duties were to hear the parties, lay out the road if found to be of common convenience and necessity, and assess damages to the land owners, who were to be notified and had a right to be heard before them. The land-owners had also a right to a re-assessment by a jury on appeal. The town and sundry land-owners, who had been ignorant of the disqualification of a member of the

committee until after the hearing, remonstrated against the acceptance of the report. Held—1. That the town, by assenting to the appointment, had.waived all objection to the disqualification. 2. That the neglect of the agent of the town to inform himself was equivalent to knowledge. 3. That the land-owners, not having become parties to the suit till a later stage of the proceeding, had not waived the objection, and were not affected by the waiver of the town. 4. That the opportunity for a re-hearing before a jury was no ground for denying them a disinterested tribunal in the first instance.

The committee, after the hearing as to the laying out of the proposed highway was closed, held an adjourned meeting, and without notice to the parties, or any further hearing, procured a survey of another line at one end of the proposed highway not before examined or considered, and located the highway on the same. Held that this was "irregular and improper conduct" within the meaning of the statute, and a ground for setting the report aside.

After the report of the committee had been returned into court, and at the next term, a majority of the committee by leave of the court amended the report, by altering the amount of damages assessed to a certain land-owner, deducting a certain sum from his damages, and assessing the sum so deducted to him and two others jointly. Held that such an amendment could be made, if at all, only on notice to the party affected by it and after giving him an opportunity to be heard.

PETITION for a highway, brought to the Superior Court in New Haven County, and reserved, on remonstrances against the acceptance of the report of a committee laying out the highway and assessing damages, and on a finding of facts by the court, for the advice of this court. The case is sufficiently stated in the opinion.

*C. R. Ingersoll* and *Wright*, for the remonstrants.

*H. B. Munson* and *W. B. Stoddard*, for the petitioners.

CARPENTER, J. This is a petition for a highway. The committee laid out the highway, and assessed damages to the landowners. The town, and sundry other parties interested, have severally filed remonstrances against the acceptance of the report. The Superior Court made a special finding of the facts and reserved the question whether the report should be accepted or set aside for the advice of this court. We think the report should be rejected for the following reasons:

1. The petitioners and the town of Milford, being the parties then before the court, agreed upon a committee. One of them, Albert F. Miles, was not in fact disinterested, but was

a considerable land owner and tax-payer in the town. A part of the land-owners now remonstrate against the acceptance of the report upon that ground. The court found the fact substantially as alleged in the remonstrance, and further found that the disqualification of the said Miles was not actually known to the agent of the town at the time of the agreement or afterwards, and that said land-owners had no knowledge of of it until the filing of the remonstrance which alleges such disqualification.

The statute now in force requires that the committee, in cases of this character, shall consist of three judicious and *disinterested* persons. So far as the town is concerned, we think it is not in a condition to make this objection. By this agreement both parties must be considered as having waived the disqualification. Had the facts been known at the time the question would be entirely free from difficulty. *Groton & Ledyard* v. *Hurlburt*, 22 Conn., 178. The omission of the parties to take the necessary pains to ascertain whether the committee were or were not disinterested, is equivalent to knowledge. They thereby took their chances and can not now be heard to complain. But the land-owners stand upon a different footing. They were not before the court at the time the committee was appointed, and had no opportunity to be heard. They therefore waived nothing. Yet they are so far parties to the proceeding as to be entitled to notice of the time and place of the meeting of the committee. *Shelton* v. *Town of Derby*, 27 Conn., 414.

Upon the question of the common convenience and necessity of the highway, their interests may be identical with those of the town; but when the committee have decided to lay out the highway, they and the town at once become opposing parties in respect to the land damages. The statute expressly secures to them the right to appear before the court and remonstrate against the acceptance of the report for any proper cause, or to move for a jury to re-assess damages. Gen. Statutes, p. 499. sec. 30. We think the legislature intended to secure to them, as well as to the petitioners and the town, a disinterested tribunal. It is not sufficient that they may se-

cure such a tribunal by calling for a jury to re-assess damages; they are entitled to it in the first instance, and ought not to be compelled to incur the expense and inconvenience of an appeal to a jury.   To insist upon the appointment of such a committee as the statute requires will occasion but little inconvenience to the parties, while it will be a great hardship to compel another party, *nolens volens*, to go to trial before an interested committee.

2. It appears from the finding of the court that the committee met on the 13th and 14th of April, and examined the route of the proposed highway, and heard the parties.   They then decided to lay out the highway, and adjourned to the 26th of the same month.   On the last named day they again met, and without notice to the parties, or a hearing with reference to the matter, procured a surveyor and ran and adopted a line at the western end not previously considered or examined, and located the same as a part of the highway.   This proceeding can not be justified.   It was in effect receiving additional evidence after the trial had closed, and in the absence of the parties.   That was held to be irregular and improper in the case of *Harris* v. *Town of Woodstock*, 27 Conn., 567. It is reasonable to presume that the parties in interest, who were familiar with the locality, called the attention of the committee to all the lines regarded by them as feasible or desirable.   They had a right to assume that the committee would adopt some one of the lines proposed as the line of the highway.   The selection of another line, not previously examined, without notice, and without a hearing, tended directly to defeat one great object which the law aims to secure in all trials, a full, fair and impartial hearing.

3. After the report of the committee had been returned into court, and at the next term, a majority of the committee amended the report, by reducing the amount of damages they had previously assessed to Franklin H. Fowler from $1,249 to $953, and by adding an assessment to him jointly with Mary and Martha Fowler, to whom no damages had before been assessed, of $296, the amount so deducted.   This alteration was made on application of the petitioners' counsel, and

in the absence, and without the knowledge, of the adverse parties or their counsel. The amendment was a substantial one, and likely to affect materially the interests of the parties immediately concerned. After the report is returned into court, such amendments should only be allowed, if at all, upon notice to the adverse parties, and after giving them an opportunity to be heard. The fact that this was done by leave of the court does not remove the difficulty. The proceeding itself was irregular and improper, and can not receive the sanction of this court.

Other questions were discussed, but we do not care to consider them, and do not wish to be understood as expressing any opinion thereon. For the reasons given above the Superior Court must be advised to set aside the report of the committee.

In this opinion the other judges concurred.