JOHN P. WILLIAMS AND OTHERS *vs.* THE TOWN OF
STONINGTON.

Where during a hearing before a committee in a highway case one of the
committee was entertained over night by one of the selectmen of the
defendant town, and the counsel for the petitioners knew of the fact,
but went on with the hearing the next day and through the trial without
making objection, it was held that it was too late to make the objection
after an adverse report of the committee.

It is necessary to the sufficiency of a remonstrance on such a ground that
it contain an allegation that the party remonstrating had no knowledge
of the fact until after the trial.

There is no impropriety in a committee's stating to both parties at the
close of the hearing that they should not deliver their report to the party
in whose favor it should be made until their fees were paid.

Nor in the counsel for either party stating that if the report was in favor
of his clients he would at once pay their fees.

PETITION for the laying out of a highway; brought to the
Superior Court. A committee, to which the case was
referred by the court, reported that they found the highway
prayed for not to be of public convenience and necessity
and against laying out the same. The petitioners remon-
strated against the acceptance of the report on the ground
of irregular and improper conduct on the part of the com-
mittee, on which remonstrance the court found the following
facts:

During the hearing before the committee, Mr. Royce, one
of the committee, on the invitation of George W. Blivin,
stayed over night with him at his residence in Stonington,
taking supper, lodging and breakfast there—Blivin then
being one of the selectmen of Stonington, and a witness
for the respondent town on the trial then in progress before
the committee. This was not at the time known to the
petitioners. It was a friendly entertainment, and no refer-
ence to matters relating to the petition or trial was made.

Before the trial was resumed on the following day the
counsel for the petitioners became aware of the fact that
Royce had lodged with Blivin the previous night, and it

was a subject of public conversation in the room before the
trial was resumed.   Whether any of the petitioners them-
selves had such knowledge did not appear; but the trial
was resumed and completed, and the report made and
delivered by the committee, without any objection on
account of this action of Royce.   The objection was first
made in the remonstrance of the petitioners to the accept-
ance of the report.   There were hotels in the immediate
vicinity of the place of trial, at one of which the committee
was staying.

After the close of the trial, and before the committee or
any of the counsel had left the room, the chairman of the
committee, in the hearing of the counsel on both sides,
announced that after the committee had agreed upon a
report they would notify the party in whose favor it might
be; but that they would not expect to deliver the report
until their fees had been paid.   Thereupon the counsel of
the respondents replied, that if the report was in favor of
the respondents he should, on being notified of it, hand the
committee his check for their fees; and subsequently, on
being notified that the report was in favor of the respon-
dents, and informed of the amount of the committee's fees,
he did deliver to the chairman of the committee a check for
the amount of their fees.

Upon these facts the court (*Hitchcock, J.*,) overruled the
remonstrance, accepted the report of the committee, and
dismissed the petition.   The petitioners brought the record
before this court by a motion in error.

*T. S. Peabody* and *A. W. Crafts*, for the plaintiffs in error.

*J. Halsey* and *S. Lucas*, for the defendants in error.

PARK, C. J.   We see nothing unusual or improper in the
conduct of the committee in requiring the payment of their
fees before delivering their report to the successful party, or
in their stating to the parties after the hearing was closed
that they should require such payment.   Such a statement

was as favorable for one party as for the other, and indicated no bias whatever.

Neither did it add to the incident that the defendants' counsel, in the hearing of the other party, expressed an intention to comply with the requirement if the report should be in their favor. Nothing less could have been expected of either party under the circumstances, whether they expressed such an intention or remained silent.

In regard to the first ground of remonstrance, there is no allegation that the petitioners were ignorant of the entertainment of one of the committee by one of the selectmen of the defendant town before the hearing was closed or the report made. Such an allegation was essential and the want of it renders the remonstrance, so far as it relates to this matter, insufficient. *Beardsley* v. *Town of Washington*, 39 Conn., 265. But the court has found that the morning after the entertainment, and before the hearing was closed, the counsel for the petitioners had full knowledge of the fact, and made no objection, which precludes the petitioners from making objection now. *Groton & Ledyard* v. *Hurlburt*, 22 Conn., 178; *Pond* v. *Town of Milford*, 35 Conn., 32; *Beardsley* v. *Town of Washington*, supra. It is said, that the petitioners could not have successfully objected before the committee; that the court was the proper and only tribunal to which they could go with the objection. It is true that the court alone could determine the merits of the objection, if the committee should see fit to go on with the hearing in spite of it. But it was essential that it should be made before them to prevent a waiver of the objection. If the objection had been made, the committee might have decided not to go on with the hearing; at all events the party would have done all that could have been done to take advantage of the objection, and would have saved himself from the suspicion of having sought to secure the advantages of a favorable and avoid the disadvantages of an unfavorable report of the committee.

There is no error in the judgment complained of.

In this opinion the other judges concurred.