## THOMAS R. MANNERS (FRANCES L. W. MANNERS, EXECUTRIX) *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

No valid assessment of special benefits can be made by a municipality against an owner of land who has not been notified of the assessment proceeding; for to such notice he has a constitutional right, and in the present case a right also (12 Special Laws, p. 454, § 76) under the defendant's charter. But if the landowner chooses to appeal to a court which is empowered to do full and complete justice between the parties, the lack of notice will be deemed to have been waived and cannot deprive the appellate tribunal of its jurisdiction to proceed with the cause and to make such assessment, if any, as it may find to be just and equitable.

Unless some statute or charter provision requires it, a city is under no constitutional obligation to give personal notice to an owner of land which has not been taken or injured, of a hearing before its department of public works whose only duty is to prepare a survey and layout of the improvement proposed by the board of aldermen.

The defendant's charter (12 Special Laws, p. 454, § 75) provided that when the board of aldermen had decided to take land or lay out any highway, it should refer its order to the department of public works to prepare a survey and layout, after a public hearing and reasonable notice to all owners of land proposed to be taken or land "affected." *Held* that the plaintiff's land, which did not touch the proposed highway at any point, was not "affected" merely because it was possible that at some future stage of the proceeding the bureau of assessment might find that it was specially benefited by the new highway.

Argued January 23d—decided March 11th, 1913.

ACTION in the nature of an appeal from an assessment of benefits made by the defendant in connection with the layout of a city street, brought to and tried by the Superior Court in New Haven County, *Williams, J.;* facts found and judgment rendered annulling said assessment as against the plaintiff, for want of notice, and appeal by the defendant. *Error and new trial ordered.*

In 1907 the defendant, acting in the manner prescribed by its charter save in the two respects hereinafter referred to, laid out and constructed a new street known as Clark Street. The original plaintiff, Thomas R. Manners, subsequently deceased, owned certain land in the neighborhood of the street, but none of this land abutted upon it. The bureau of assessment assessed special benefits against Manners in the amount of $1,385 on account of the improvement. Neither the department of public works nor the bureau of assessment gave to Manners any notice of the pendency of the proceeding before it, and he was not present at any meeting of either board, was not heard by either concerning the matters pending before it, and had no opportunity to be so heard. Manners brought these proceedings in the nature of an appeal within the time prescribed for the taking of appeals from assessments of benefits.

*John P. Kellogg* and *Francis P. Guilfoile,* for the appellant (defendant).

*Charles G. Root,* for the appellee (plaintiff).

PRENTICE, C. J. The defendant city complains of the action of the Superior Court in declaring void an assessment of benefits made by its bureau of assessment for the layout of a new street, within its limits, and refusing to inquire into the propriety of such assessment and do equity in the premises by confirming, modifying, or annulling it, or by such other action as might seem to it just and equitable. The court based its action upon two grounds, and they are urged before us as furnishing sufficient reasons to support the judgment rendered. The first is the failure of the department of public works to give the original plaintiff land-

owner, hereinafter referred to, for convenience sake, as the plaintiff, notice of the proceedings before it; and the second, the failure of the bureau of assessment to give him notice of the proceedings before it.

The charter of the city provides that whenever the board of aldermen shall have decided to take any land, or lay out any highway, it should refer its order to the department of public works "for the purpose of designating such land and laying out such public work." The prescribed duty of this department is to "prepare a survey and layout of such land or public work." 12 Special Laws, p. 454, § 75.

The plaintiff, whose land touched the proposed new highway at no point, was not entitled to a notice of the proceedings before this agency of the city in the matter of survey and layout, except as some statute or the city charter may have prescribed it. He had no constitutional right to it. *Goodrich* v. *Detroit*, 184 U. S. 432, 437, 22 Sup. Ct. Rep. 397; *Water Commissioners* v. *Johnson*, 86 Conn. 151, 163, 84 Atl. 727.

The charter contained the only legislative provision of possible pertinence. It is there provided that the department of public works shall act in the making of a layout after a public hearing and reasonable notice to all owners of land proposed to be taken or land affected. 12 Special Laws, p. 454, § 75. The premises of the plaintiff being some distance away from the proposed highway, no land of his would be taken or injured by its layout and construction, so that he might either claim compensation or be influenced to oppose the project as injuriously affecting his property. This is the condition which the charter contemplates as calling for a notice by the department of public works before a layout is determined upon. The word "affected" is not used here in that comprehensive sense which would make it include all property-owners who might have the

remote and indeterminate interest arising from a possibility that they might thereafter be assessed for a special benefit accruing to their property by reason of the public work. *Goodrich* v. *Detroit*, 184 U. S. 432, 437, 22 Sup. Ct. Rep. 397; *Shelton* v. *Derby*, 27 Conn. 414, 421. The former of these two cases forcibly presents the practical reasons forbidding any other conclusion. They are well illustrated in the present case.

The charter provides that the functions of the department of public works shall cease with the making of the survey and layout. This made, it reports back to the board of aldermen. This board may accept, modify, or reject the report. When it shall have taken its action in this regard, and thus decided to proceed with the work calling for the taking of land or compensation for land injuriously affected, it is required to refer the matter to the bureau of assessment, whose duty it then becomes to ascertain the damages and benefits. Until this stage is reached, the matter has been in no position to have the persons who, as property-owners, are to be made subject to the payment of benefits ascertained. To say that action by the department of public works at a prior and entirely independent stage of the proceedings will be rendered nugatory unless it shall have correctly forecast the views at which the bureau of assessment shall arrive, and notified all whom the bureau shall determine to be proper subjects for benefit assessments, is to make the course of proceeding prescribed by the legislature a practically unworkable one.

The assessment of benefits made against the plaintiff by the bureau of assessment was wholly ineffective and unenforceable, by reason of the want of notice. Without notice a valid assessment could not be laid for constitutional reasons. Neither could one be laid by reason of

the charter provision which expressly makes reasonable
notice a condition precedent to an assessment of bene-
fits. 12 Special Laws, p. 454, § 76. All this the defend-
ant concedes. But it contends that the plaintiff by
his seasonable appeal to the Superior Court, which is
given full power to inquire into the situation and do
whatsoever equity may require for the protection of the
plaintiff's rights, voluntarily placed himself in a position
where the rights and equities of both parties might be
protected after the fullest hearing, and thus put the
matter into a situation where the taint of want of
notice was removed and an adjudication could prop-
erly be had which would preserve to the plaintiff his
constitutional and legislative guarantees and conform
to all legal requirements. The plaintiff claims, and the
trial court held, that the lack of notice of the proceed-
ings before the bureau of assessment presented an
insuperable obstacle in the way of the Superior Court's
taking cognizance of the matter and doing what it
might deem just and equitable. The defendant asserts
that the fact that the assessment made by the bureau
was invalid furnished no reason why the court might
not inquire whether or not any assessment ought to be
made, and if so, in what amount, and enter a judgment
upon its conclusion, if favorable to an assesssment,
which would establish one. The plaintiff's position
makes notice by the bureau an essential of the court's
jurisdiction; the defendant's treats the lack of it as a
defect in the proceedings of the bureau which may be
waived or cured, in so far as future action is concerned,
by voluntary presence in the Superior Court on appeal.

The authorities overwhelmingly support the defend-
ant's contention. Some of them, to be sure, have rela-
tion to the constitutional requirement of notice. But
the principle certainly cannot be different where the
constitutional requirement is supplemented by a stat-

utory one to the same effect. They hold that if a full opportunity to be heard is given before the assessment proceedings are ended, and whether before the original assessing board or body or on appeal, it is sufficient. An appeal is regarded as an entry of appearance and waiver of notice, so that the proceedings may then go forward legally, and a conclusion be reached which will bind the parties. *King* v. *Portland City*, 184 U. S. 61, 69, 22 Sup. Ct. Rep. 290; *Reclamation District* v. *Evans*, 61 Cal. 104, 107; *Atchison, T. & S. F. R. Co.* v. *Patch*, 28 Kan. 470, 471; *State ex rel. Jenkins* v. *Harland*, 74 Wis. 11, 13, 41 N. W. 1060; *Trester* v. *Missouri Pac. Ry. Co.*, 33 Neb. 171, 185, 49 N. W. 1110; *Swinney* v. *Ft. Wayne, M. & C. R. Co.*, 59 Ind. 205, 219; 2 Elliott on Roads & Streets, § 699; 2 Page & Jones on Taxation by Assessment, § 773. In *Quinebaug Reservoir Co.* v. *Union*, 73 Conn. 294, 299, 47 Atl. 328, an appeal from the doings of a board of relief, practically the same question was presented, since the assessors had increased the plaintiff's assessment list without notice. We then held that the plaintiff, by the appeal which it took to the board of relief, waived the lack of notice, and justified further proceedings as prescribed by law for a determination of the amount for which it should be assessed.

In the present case both parties were before the Superior Court, and that court was endowed with the amplest authority to do whatever might appear to it to be just and equitable. It should have proceeded to exercise its jurisdiction to determine whether or not the plaintiff was specially benefited, and if so, what assessment therefor should be made.

There is error and a new trial is ordered.

In this opinion the other judges concurred.