GEORGE E. CRAWFORD *vs.* THE CITY OF
BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In taking land *in invitum* for public use, a municipality must comply
with all statutory or charter requirements, and this must appear
upon the face of the proceedings.

The layout of a highway enlargement and extension by a committee appointed by the common council pursuant to § 59 of the Revised Charter of the City of Bridgeport (Special Laws of 1907, p. 518), is an essential step in the proceedings prescribed by the charter for the establishment of such an improvement; and the mere perfunctory approval and signing of a city engineer's report, separately and at different times, by individuals who had not then been appointed as such committee by the common council, and who, after their appointment, did not meet together or take any action whatever with reference to the subject, does not constitute a valid layout by the committee.

An amendment of the charter (Special Laws of 1917, p. 845, § 8) provided that before proceeding to assess benefits and damages for any public improvement, the board of appraisal should cause written notice, containing the names of the landowners affected by the proposed improvement, to be filed and recorded in the town clerk's office; and that no assessment thereafter made should be effective except as to those named in such notice. *Held:*—

1. That it was competent for the legislature to prescribe the prerequisites to the acquisition of land for public use, and that neglect of the board of appraisal to give the required notice was a fatal defect, of which a landowner, unless estopped, might take advantage upon appeal from the assessment proceedings.

2. That there was no ground for any claim of estoppel or of waiver in the present case.

To constitute an estoppel there must have been a representation or concealment of material facts, knowingly made, to one ignorant thereof, with intent that the latter should act in reliance upon it, and the achievement in fact of such intent.

A waiver is the intentional relinquishment of a known right.

The case of *Manners* v. *Waterbury*, 86 Conn. 573, distinguished.

Argued January 18th—decided March 12th, 1918.

APPLICATION in the nature of an appeal by the plaintiff landowner from the action of the authorities of the defendant city in attempting to extend and widen Cannon Street in said city, and from an assessment of benefits and damages on account thereof, brought to and tried by the Superior Court in Fairfield County, *Curtis, J.;* facts found and judgment rendered vacating and setting aside the city's action, and appeal by the defendant. *No error.*

On July 23d, 1917, the common council of the de-

fendant city ordered a hearing to be held on the 6th day of August, 1917, in relation to widening and extending Cannon Street in Bridgeport. Notice of this hearing was given to the plaintiff. The plaintiff was the owner of certain land and buildings, a portion of which would be taken by the city for the purpose of this public improvement. The public hearing was held on August 6th, 1917. Upon the same day the common council of the city of Bridgeport, after this hearing, adopted the following resolution: "Resolved, That Cannon Street at the junction of Cannon Street and Fairfield Avenue be and hereby is ordered widened and enlarged by extending the south street line of said Cannon Street and by prolongation of the south street line on Cannon Street as it at present exists east of Courtland Street from the westerly line of Courtland Street until it intersects the southerly line of Fairfield Avenue." Upon the same day, and after the common council of the city of Bridgeport had adopted this resolution, the common council also adopted the following resolution: "Resolved, That F. L. Black, Harry F. Jewett and Morris W. Brown be and they hereby are appointed a special committee to make the layout, extension, widening and enlargement above ordered and report in writing their doings to this Common Council, which report shall embody particular descriptions of such layouts, extensions, widenings and enlargements." Upon the same day the special committee's report was presented to the common council signed by Black, Jewett and Brown, purporting to be the report of the special committee. Before the meeting of the common council, Black, who at this time was Assistant City Engineer of the city of Bridgeport, prepared this written report and he, Harry F. Jewett and Morris W. Brown, separately and at different times, before the meeting and before

their appointment as such committee, signed the report and left the same with the city clerk of the city of Bridgeport. On the 6th day of August, 1917, following the resolution of the common council appointing Black, Jewett and Brown a special committee, the written report signed by them was presented to the common council and was adopted by it and referred to the board of appraisal of benefits and damages. Black, Jewett and Brown did not meet together at any time either before or after their appointment as a special committee, but on the 6th day of August, 1917, and prior to their appointment did separately approve and sign the proposed report above described. The board of appraisal proceeded to assess benefits and damages for this public improvement, but, before proceeding with such assessment failed to cause to be filed in the office of the town clerk of the city of Bridgeport a written notice setting forth the names of the persons owning, or having an interest in, the land to be affected by this improvement. No such notice was ever filed in the office of the town clerk in connection with these proceedings for the assessment of benefits and damages. On the 27th day of August, 1917, the board of appraisal reported its doings to the common council of the city of Bridgeport and awarded to the plaintiff $62,720 damages over and above all benefits as resulting to the plaintiff from this public improvement, although the plaintiff claimed $229,000. On the 4th day of September, 1917, this report was adopted by the common council, and on the 6th day of September, 1917, the resolution adopting this report was approved by the mayor of the city of Bridgeport, and on the 10th day of September, 1917, the report was duly published, as provided by the charter of the defendant city.

The plaintiff received actual notice of the proceedings

before the board of appraisal, and appeared before it and made claims, and offered evidence in their support, as to the amount of damages and benefits accruing to him from this public improvement, and neither before that board, nor thereafter before the common council, did the plaintiff make any claim that the proceedings were illegal or invalid.

The plaintiff bases his cause of action upon two grounds: The first, because of the irregularity in the report made by the special committee said to have been appointed by the common council to make this layout; and second, the failure of the board of appraisal to file in the office of the town clerk written notice as required by the provisions of the charter. These claims the Superior Court sustained.

*William H. Comley, Jr.*, for the appellant (defendant).

*Carl Foster*, for the appellee (plaintiff).

RORABACK, J. Where the land of an individual is taken *in invitum* for public use, under the provisions of positive law, every requisite of the statute must be complied with, and this must appear on the face of the proceedings for taking the land. *Nichols* v. *Bridgeport*, 23 Conn. 208; *Edwards* v. *Stonington Cemetery Asso.*, 20 Conn. 466, 476. See also *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 242, 52 Atl. 947, 53 id. 57. Clearly there never has been a proper layout of the street extension. The charter of the defendant city requires that if, after a hearing, "the common council shall resolve to make any such public improvement, it shall appoint a committee, whose duty it shall be to make a layout of such public improvement, and to report in writing its doings to the common council, which report shall embody a survey and particular

description of any such public improvement. If such report shall be accepted and approved by the common council, it shall be referred to the board of appraisal of benefits and damages for action by it." Special Laws of 1907, p. 518, § 59. The finding discloses that the report of the committee as to this purported layout was signed and made by them before their appointment. It appears that no action whatever was taken by the committee after they were appointed. The layout of this highway as it was to be extended was one of the essential steps to be taken by the city to meet the requirements of the statute under which the city was bound to act. To lay out a highway is to locate it and define its limits. A survey and particular description by some person or committee duly appointed and authorized to act could do this. *Gregory v. Bridgeport*, 52 Conn. 40, 43, 44. The preliminary survey and maps made at the instance of the officers of the city, may have facilitated the work in making this public improvement, but that alone, without proper action by the committee after their appointment, was not sufficient to establish a lawful layout of this highway, nor was it a substantial compliance with the express provisions of the statute relating to this subject.

Another serious objection raised by the plaintiff to the validity of these proceedings, is the neglect of the board of appraisal to cause a notice of their proceedings to be filed in the office of the town clerk. The charter provides: " . . . Before proceeding to assess benefits and damages for such public improvement the board of appraisal of benefits and damages shall cause a written notice setting forth the names of the persons owning or having an interest in any land, so far as disclosed by the land records, to be affected by such public improvement, together with a general

description of such land, to be filed in the office of the town clerk. Such notice shall be recorded by the town clerk in a volume to be specially kept for such purpose and the name of each person included therein shall be separately indexed. Such notice shall name the person so affected as of the date when it is filed with the town clerk. Such notice shall be signed by a majority of the board of appraisal of benefits and damages, and the description of the land therein contained shall be sufficient if it shall indicate approximately the frontage of such land upon any public street. . . . No proceedings hereafter taken for the assessment of benefits and damages shall be effective except as to the persons so named in the notice filed as aforesaid with the town clerk; nor shall any amendment thereof constitute notice of any proceedings theretofore taken to any person who shall, prior to such amendment, acquire any interest in any such land." Special Laws of 1917, p. 845, § 8.

It is not always easy to determine from the statutory provisions in a given case whether the matter of filing a copy of the proceedings is a prerequisite to the assessment. There is no difficulty, however, in the case here presented, as the charter clearly provides that this notice, to be effective, must be filed before proceeding to assess benefits and damages. The statutory requirements as to notice and the record thereof are manifestly important, and they are in harmony with the well-settled policy of our law that every man's title to his real estate, so far as practicable, shall appear of record. It was competent for the legislature to prescribe the manner and formalities by which the title to lands of this kind might be transferred from the proprietor and be secured for public uses; and when it provided the manner in which such transfer should be accomplished, as has been done by the sections

of the charter above recited, a compliance with the requirements prescribed is just as essential, in order that the owner may be divested of title, as the execution of a deed of conveyance would be in the transfer of real estate from one person to another. *Gardiner* v. *Tisdale*, 2 Wis. 153, 185, 60 Amer. Dec. 407, 412.

The defendant contends that "the plaintiff by appearing before the board of appraisal and making no claim there as to the alleged invalidity of the prior proceedings, was estopped from claiming in the Superior Court that such proceedings were illegal." If these proceedings were instigated as a collateral attack upon the validity of this assessment, the doctrine of estoppel might be seriously considered. Generally speaking, to constitute estoppel the following elements must be present: "(1) There must have been a representation or concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the matter; (4) it must have been made with the intention that the other party would act upon it; (5) the other party must have been induced to act upon it." 2 Words & Phrases (2d Series) p. 337, and cases there cited upon this subject.

Not one of the essential elements of estoppel can be found in connection with the plaintiff's appearance before the board of appraisal. It is not claimed that the plaintiff had any knowledge of these irregularities when he appeared before this board. Under such conditions it cannot be said that he knowingly concealed material facts with an intention that the other party should act upon them. Neither does it appear that the defendant city has been deceived or prejudiced because the plaintiff failed to make the claim before the board of appraisal that this assessment was invalid because of the irregularities then existing in the

proceedings. This is not a case where the plaintiff stood by and withheld his objections until the municipality had incurred great expense in making a public improvement, and then by a collateral attack attempted to invalidate an assessment. It here appears that the plaintiff, by a proper remedy within the time limited by law, has by appeal made a direct attack upon the validity of this assessment.

Much that we have just said in relation to the matter of estoppel is applicable to the defendant's claim "that the plaintiff by taking an appeal to the Superior Court waived any irregularity or defect in the prior proceedings relative to said public improvement." In this connection it may also be stated that a waiver "is the intentional relinquishment of a known right." An examination of the plaintiff's appeal, now before us, does not disclose any acts or conduct upon his part showing an intention of renouncing any right that he might have had to contest the validity of this assessment. In fact the contrary appears.

This case is unlike *Manners* v. *Waterbury*, 86 Conn. 573, 86 Atl. 14, upon which the defendant relies. The *Manners* case was not one involving the right to take a man's land by eminent domain proceedings. The municipality in that case was simply attempting to enforce the payment of an assessment made for the benefit of the plaintiff's property which did not touch the proposed highway at any point. The difference between the powers to be exercised in the two cases clearly distinguishes the *Manners* case from the present one.

There is no error.

In this opinion the other judges concurred.