## TOWN OF DANBURY
*vs.*
## DANBURY AIRPORT CORPORATION

Superior Court          Fairfield County          File No. 62209

MEMORANDUM FILED MAY 13, 1941.

*Lazarus S. Heyman,* of Danbury, for the Plaintiff.

*Willis, Foster & Lister,* of Bridgeport, for the Defendant.

INGLIS, J. This is an action to condemn a leasehold interest in land for the purposes of an airport. The first two grounds of demurrer, as it was agreed upon argument that they should be interpreted, are that it is not alleged that the town has authorized either the establishment of an airport, or the condemning of the particular property right involved or the institution of this action.

As regards the last, that is, the authorization for the institution of this action, if the allegations of the complaint as a whole were adequate to indicate that the town had the right to maintain the action, it would follow from that that it would not be necessary to allege specifically that the town had voted that the action be brought. The town itself is the plaintiff. The action must have been instituted by some public official who, it is presumed, is charged with the duty of enforcing by court action whatever rights the town may have. If a municipal corporation has rights, the enforcement of which requires a civil action, it should not be necessary for such municipality to allege and prove that the particular officer

who caused the action to be instituted had the express authority of the town to institute that action.

As regards the first two sorts of authority mentioned, however, the case is quite different. "Where the land of an individual is taken *in invitum* for public use, under the provisions of positive law, every requisite of the statute must be complied with, and this must appear on the face of the proceedings for taking the land." *Crawford vs. Bridgeport,* 92 Conn. 431, 435, and cases cited. The right to take the property here in question rests upon section 3092 of the General Statutes, Revision of 1930, and the method of taking is prescribed by section 5072 of the General Statutes, Revision of 1930.

The first section grants the right to condemn land for an airport only when "any town....may establish an airport" at the location in question. A town can establish an airport only by a vote of a town meeting. It is obvious, therefore, that the petition for the appointment of appraisers must allege that the town has voted to establish an airport and has defined the location of it.

Section 3092 also provides that any municipality which has established an airport "may take any land." This obviously contemplates a vote by the municipality as to what land shall be taken. In that vote the limits of the taking should be specified with reasonable certainty and the petition should contain an allegation of such a vote.

The only allegations along these lines in the petition in this action are that the town is now engaged in a project for the enlargement of the Danbury airport, and that in the completion of the enlargement the town "deems it necessary that it acquire" the leasehold interest. None of this is the equivalent to an allegation that the town has voted to establish an airport or that it has voted to take the interest in real estate sought to be taken in this action. Accordingly, the first two grounds of demurrer are well taken.

The third ground of demurrer is that the complaint seeks merely to break a lease given by the plaintiff to the defendant. The answer to that is that, although that may be the result, nevertheless the leasehold held by the defendant is property and as such is, of course, subject to condemnation.

The fourth ground is that the premises are already devoted

to a public use.  If that is so it is a matter of fact to be set up by the defendant as an affirmative defense and is not an issue of law to be decided on demurrer.

As regards the fifth ground of demurrer which is that no public interest is involved, the allegations of the complaint are that the taking is for a municipal airport.  That obviously is for a public use and if other elements enter into the case which tend to show that no *bona fide* public use is intended that raises an issue of fact and not of law.

The demurrer is sustained on the first and second grounds for the reasons above set forth and is overruled as to all other grounds.