This matter involves a sewer condemnation action which was commenced in March, 1975, pursuant to General Statutes 7-248. On November 23, 1982, the trial court heard the matter and subsequently awarded the named defendant the sum of $250 as compensation for the sewer easement taken on his property by the plaintiff town. From this judgment the named defendant has appealed, raising numerous claims of error. The dispositive issue, however, is whether the court lacked jurisdiction to conduct an evidentiary hearing and to assess the damages in this action, thereby rendering its judgment void.
At the time this action began, General Statutes (Rev. to 1975) 7-248 provided that "[s]aid court or such judge shall appoint a committee of three disinterested persons who shall be sworn before commencing their duties. Such committee, after giving reasonable notice to the parties, shall view the property in question, hear the evidence, ascertain the value, assess just damages to the owners or parties interested in the property so proposed to be taken and report its doings to said court or such judge. Said court or such judge may accept such report or reject it for irregular or improper conduct by the committee in the performance of its duties." In *Page 456 
1978, the statute was amended with the result that the functions previously performed by the committee of three are now performed by a state referee. While this matter was pending, the administrative judge repeatedly attempted to find a state referee to hear the matter to no avail. He therefore ordered the action to be tried before a Superior Court judge. The trial court heard this matter and awarded the aforementioned compensation.
The defendant argues that the judgment awarding him $250 as damages is void because the appropriate statutory procedure was not followed. He fails to specify, however, which of the two statutes governs this action. We, therefore, address first the question of whether the original or the amended version is applicable to this sewer condemnation proceeding.
We conclude that the 1978 amendment that reduced the number of persons who would hear and decide damages from three committee members to one referee substantially changed the procedure for assessing damages. This being the case, absent a clear legislative intent that the amendment apply retrospectively, it is presumed to apply prospectively only. Nagle v. Wood, 178 Conn. 180,187-88, 423 A.2d 875 (1979). In the present case, the amended statute is devoid of any indication that it have retrospective application. Accordingly, we hold that the amendment did not affect this pending action and thus the matter should have been heard by a committee of three disinterested persons.
The remaining question is whether the trial court erred by hearing the matter in lieu of a committee.
The 1975 version of 7-248 was very specific and detailed in defining the distinct roles of the committee and the court in a sewer condemnation proceeding. And since "the land of an individual [was being] taken *Page 457 
. . . for public use . . . every requisite of the statute [should have been] complied with. . . ." Crawford v. Bridgeport, 92 Conn. 431, 435,103 A. 125 (1918). The statute provided that if the sewer authority and the owner of the subject property were unable to agree on the amount of compensation, the sewer authority could petition the court to appoint three disinterested persons. This committee would, inter alia, hear evidence, ascertain the value, assess just damages and file a report with the court. The court could either accept or reject the report. If the report were rejected, the obligation of the court was to appoint another committee. Accordingly, the role of the court was twofold: first, to appoint the committee, and second, to accept the report or reject it because of irregular or improper conduct on the part of the committee. The court was not empowered to perform the duties of the committee; nor could the court increase or diminish the amount of the award set forth in the report. See 6 Nichols, The Law of Eminent Domain (3d Ed. Rev.) 26.5311. When the court here heard the evidence, ascertained the value and assessed the damages, it exceeded its limited function as defined by the statute. In short it acted without jurisdiction. Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563,565, 192 A.2d 44 (1963).
Our conclusion is not altered by the fact that this jurisdictional claim was first raised at the appellate level. The defendant has challenged the power of the trial court to hear the matter. The issue thus is one of subject matter jurisdiction which cannot be waived and which may be raised at any time. Monroe v. Monroe, 177 Conn. 173, 177,413 A.2d 819 (1979).
 There is error, the judgment is set aside and the case is remanded for further proceedings.
In this opinion DALY and BIELUCH, Js., concurred.