## INTERVALE HOMEOWNERS ASSOCIATION ET AL. *v.*
## ENVIRONMENTAL PROTECTION BOARD OF
## THE CITY OF STAMFORD ET AL.
## (7302)

BORDEN, SPALLONE and JACOBSON, Js.

Argued May 3—decided June 7—decision released July 26, 1989

*Robert S. Peeters,* with whom was *Sandra Lax,* for the appellants (plaintiffs).

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Mary Sommer,* corporation counsel, for the appellee (named defendant).

*Gordon R. Paterson,* for the appellee (defendant Stamford Associates).

BORDEN, J. The plaintiffs[1] appeal from the judgment of the trial court, dismissing their administrative appeal challenging a decision of the defendant environmental protection board of the city of Stamford (board). That decision approved an application by the defendant Stamford Associates to conduct regulated activities in a wetlands area owned by Stamford Associates.

The plaintiffs claim that the trial court erred in concluding (1) that the board's decision was not arbitrary and capricious, or an abuse of discretion, (2) that the board was not required to consider a certain soil erosion and sediment control plan when evaluating the application, (3) that the board was not required to consider the environmental impact on areas outside the wetlands, and (4) that the defendant Stamford Associates properly served notice of the hearing to property owners by using the Stamford assessor's records. We find no error.

Stamford Associates filed an application with the board to conduct regulated activities within a thirty acre parcel of regulated wetlands. The applicant requested approval of plans to construct storm water management structures, sanitary sewer and water

---

[1] The plaintiffs are the named plaintiff, which is a nonprofit organization consisting of owners of property surrounding the wetlands involved in this appeal, and Robert J. Cavaliero, Pamela S. Cavaliero, Theodore Geriak, Mildred Geriak, and Anne Geriak Roth, who own property in close proximity to the wetlands parcel.

lines, and for the discharge of storm water from speci-
fied portions of the tract, so that approximately eight
acres of the tract could be developed for the construc-
tion of forty-five residential units.[2] Under the proposal,
roughly twenty-two acres would be dedicated as
undeveloped wetlands and uplands designated as open
space or conservation areas. After a public hearing, the
board approved the application with certain conditions.
The plaintiffs appealed to the trial court, which dis-
missed their appeal. This appeal followed.

I

The plaintiffs first claim that, because the board failed
to consider whether a prudent and feasible alternative
existed, the board's approval of the application was
arbitrary, capricious or an abuse of its discretion.[3] We
disagree.

The plaintiffs maintain that § 6.7 (d) (ii) of the Stam-
ford inland wetland and watercourses regulations
requires the board to consider alternative regulated
activities that might enhance the quality of the environ-
ment or impact the environment less detrimentally and
still attain the basic objectives of the activity. They
argue that the record is devoid of evidence indicating
such alternatives were considered by the board. Their

---

[2] The regulated activities proposed by the applicant were designed, in
part, to meet the city's zoning requirement that the proposed cluster home
development be serviced by a city sanitary sewer. That portion of the tract
where the regulated activities would occur lies between a public road near
the northerly section of the property, from which storm water runoff
originates, and an older residential development, constructed on filled wet-
lands, near the southerly part of the tract. The older development is not
serviced by a city sanitary sewer and has been beset by septic tank prob-
lems in recent years.

[3] In this connection, the plaintiffs appear to argue also that the board
erred in failing to issue an environmental impact evaluation as required
by General Statutes § 22a-1b (b). The record indicates that this issue was
not raised in the trial court, and we decline to examine it for the first time
on appeal. Practice Book § 4185.

contention is belied by the record. Suffice it to say that we have fully reviewed this record, and conclude that the board fully considered all alternatives presented to it by both the applicant and the plaintiffs.

The plaintiffs also argue that certain alternatives should have been adopted by the board instead of those approved. Our assessment of the record leads us to conclude that, as to each of the avenues the plaintiffs would have had the board adopt, the board had substantial evidence before it to support its determinations. See *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 540–42, 525 A.2d 940 (1987). "With regard to questions of fact, it is neither the function of the trial court nor of this court 'to retry the case or substitute its judgment for that of the administrative agency.' *Madow* v. *Muzio,* 176 Conn. 374, 376, 407 A.2d 997 (1978); *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care,* 182 Conn. 314, 318, 438 A.2d 103 (1980); see General Statutes § 4-183 (g)." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). The plaintiffs' first argument is without merit.[4]

## II

The plaintiffs next claim that the court erred in deciding that the board could approve the application without requiring that a soil erosion and sediment control plan be submitted, as required by the Stamford zoning regulations and General Statutes § 22a-329.[5] We

[4] We decline to respond to the bare assertion that the board failed to state on the record that a feasible alternative does not exist, purportedly required under General Statutes § 22a-41 (b). This matter was not raised in the trial court. Practice Book § 4185. For the same reasons, we decline to consider the plaintiffs' claim that the board failed to state on the record the reasons for its decision, as required by General Statutes § 22a-42a (d).

[5] General Statutes § 22a-329 specifically requires municipal zoning and planning authorities adopting regulations pursuant to General Statutes

agree with the trial court that those requirements concern the action of the zoning authorities, not the board in this case, and that the board in this case properly considered soil erosion and sediment control matters as required under § 6.7 of the Stamford wetland and watercourses regulations.[6] Indeed, the board conditioned its approval in part on the applicant's fulfilling certain erosion and sediment control requirements. This claim is without merit.

The plaintiffs argue, however, that the board could not properly have approved the application without satisfying the requirement in Section 15.B of the Stamford *zoning* regulations that states that "[n]o building permit shall be issued for any application for development . . . unless accompanied by a Soil Erosion and Sediment Control Plan. . . ." The plaintiffs argue that the board was required to review the plan along with the application, and require that the plan conform to the specific requirements in the regulation, because the zoning regulations further stated that "nothing in these regulations shall be construed to require the filing of a separate application for those activities for which a permit has been issued by the Environmental Protection Board . . . provided such approvals certify conformity with the erosion and sediment control standards of this subsection."

The defendants correctly respond that the zoning regulation specifically requires such a plan before a

§§ 8-2 and 8-25, to require that soil erosion and sediment control plans be submitted with certain development applications.

[6] Stamford Inland Wetland and Watercourses Regulations § 6.7 provides in relevant part: "The Agency must consider the following in making its final decision on all permit applications . . . d. All relevant facts and circumstances, including but not limited to the following:

"(i) The environmental impact of the proposed action, including effects of the activity on the inland wetland's and/or watercourse's natural capacity to support desirable biological life, to prevent flooding and erosion, to supply water, to control sediment, to facilitate drainage, and to promote public health and safety."

building permit may be issued, which was not the consideration before the board in this instance. Once the board granted approval of the applicant's request to conduct regulated activity on the parcel, the applicant would be required to obtain zoning approval before it could construct any buildings on the property. The applicant would then be required to satisfy the zoning requirement concerning the soil erosion and sedimentation plan before a building permit could be issued. The court was correct in concluding that the board satisfied its own regulations and that the plan required under the zoning regulations was not required before the board could approve the application.

## III

The plaintiffs next claim that the court erred because it concluded that the board was not required to consider the environmental impact the regulated activity would have on areas outside the wetlands. This claim is based on a misreading of the trial court's decision.

The trial court did not hold that the board need not consider the environmental impact of the regulated activity on areas outside the wetlands. The part of the trial court's memorandum of decision on which the plaintiffs focus for this claim involved a discussion of the principle, discussed previously, that the board need not have required compliance with the city's zoning regulations in making its decision. We need not, therefore, consider this claim further.

## IV

The final claim of the plaintiffs is that the court erred in concluding that the reliance by Stamford Associates on the city's assessor's list for the names of landowners was sufficient to satisfy statutory and regulatory notice requirements, even though four landowners did not

receive notice.[7] The plaintiffs in this appeal, however, are not entitled to raise this issue. The plaintiff Intervale Homeowners Association owns no real property and thus was not entitled to receive notice under § 5.3. See *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492–97, 400 A.2d 726 (1978). There is no showing by the remaining individual plaintiffs that they did not receive adequate notice, and the record indicates that they did receive notice and participated, through counsel, in the hearing before the board. See *Schwartz* v. *Hamden,* 168 Conn. 8, 15, 357 A.2d 488 (1975) (plaintiffs appearing without objection at hearing waive their right to claim lack of personal notice).

There is no error.

In this opinion the other judges concurred.

[7] Stamford Inland Wetland and Watercourses Regulations § 5.3 provides in relevant part: "Any person submitting an application to the Agency shall give written notification to abutting property owners—return receipt requested—of the nature of the application. In the case of an inland wetland, such notification shall be sent by the applicant to all property owners within five hundred (500) feet of the boundaries of the applicant's parcel containing the inland wetland area."