[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision of the Plainville Inland Wetlands and Watercourses Commission (hereinafter, the "Commission") granting a permit to Tomasso Brothers, Inc. to conduct a regulated activity on property it owns on North Mountain Road in Plainville, Connecticut. On October 2, 1991, the Commission made a finding that there was significant activity requiring a public hearing. The application was approved on October 18, 1991 and the plaintiff October Twenty-Four, Inc. took a timely appeal.
The Commission acted pursuant to General Statutes22a-42a. The plaintiff appeals pursuant to General Statutes22a-43(a). As an abutting property owner, the plaintiff is aggrieved by the decision of the Commission. General Statutes22a-43(a). An agency's decision must be sustained if an examination of the record discloses substantial evidence that supports any one of the reasons given. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 539-40 (1987). The court must take into account that the record may contain contradictory evidence, but that the possibility of drawing inconsistent conclusions does not prevent the agency's findings from being supported by the record. Id. at 542. Where no reasons for the decision are stated, a reviewing court is required to search the record for reasons to support the agency's decision. Kaesar v. Conservation Commission,20 Conn. App. 309, 312.
The plaintiff makes several claims on appeal. The plaintiff claims that the Commission failed to consider the effect of the proposed activity on offsite wetlands. However, the town engineer and the Commission found that the activity would have no impact on Plainville wetlands. (Return G, pp. 13-14; Return F). The Commission concluded that downstream wetlands and watercourses were not adversely affected by the proposed activity. (Return G, pp. 5-8, 14). Numerous conditions protected the wetlands and watercourses possibly affected CT Page 7405 by the office park project. (Return G, p. 13). Therefore, the Commission adequately and properly considered the effect of the activity on offsite wetlands.
The plaintiff next asserts that the Commission failed to address the prior filling of wetlands. However, a change in hydrology resulted in the drying of a number of wetlands and land changes caused by quarrying and other activities resulted in changes in the wetlands at the time of the application. Thus, the changes in wetlands were not due to improper filling of wetlands.
The plaintiff also maintains that the Commission violated Plainville Zoning Regulations 11.6 when no public hearing was held to determine if the proposed modification eliminating a hotel and adding an office complex required the filing of a new application. Regulation 11.6 applies only when a permit is denied or is granted with limitations and conditions that differ from the applicant's proposal. The Commission granted the application, but did not impose conditions different from the applicant's proposal. Thus, regulation 11.6 does not apply in this instance. Also, the Commission determined that the substitution of the hotel for an office complex was a non-regulated activity.
The plaintiff alleges that while the Commission did make a finding of no feasible and prudent alternative, it did not state the reasons for granting the permit. As noted, where no reasons for the decisions are stated, a reviewing court is required to search the record for reasons to support the Commission's decision. Kaesar, 20 Conn. App. at 312. The Commission in this case concluded that the activity would not impact Plainville wetlands. (Return G, pp. 13-14; Return F). The detention pond would prevent the downstream wetlands and watercourses from being adversely affected. (Return G, pp. 5-8, 14). Thus, the Commission was justified in granting the permit.
Lastly, the plaintiff claims that the defendant Commission failed to provide proper notice to the adjoining town under General Statutes 22a-42b and 22a-42c. The plaintiff claims that failure to provide notice to the town is a jurisdictional defect. In this matter both the Clerk of the city of New Britain and its Conservation Commission received notice. Notice to the clerk of an adjoining town is notice to a CT Page 7406 specific recipient and is therefore "akin to a personal notice statute." Lauer v. Zoning Commission, 220 Conn. 455, 461
(1991). Even if the city was not given notice or given improper notice, "failure to give personal notice to a specific individual is not a jurisdictional defect . . . and lack of personal notice may be waived by the party entitled to it." (Citations omitted). Id. at 462. "The purpose of a personal notice statute is to `give actual notice to [the person entitled to notice]." Id. quoting Schwartz v. Hamden, 168 Conn. 8, 15
(1991). "Therefore, if a person has actual notice of a hearing, the failure to give mailed notice does not frustrate the purpose of the notice provision." Id. Thus, under the circumstances of this case in which the adjoining town has received some form of actual notice, the purpose of the notice provision has not been frustrated. Moreover, no jurisdictional defect exists in this case. Finally, only the city of New Britain, not the plaintiff, is entitled to raise the issue of noncompliance with the notice provisions of 22a-42b and 22a-42c. See Lauer, 220 Conn. at 465.
For the reasons stated, the appeal is dismissed.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT