[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision of the Plainville Inland Wetlands and Watercourses Commission (hereinafter, the "Commission") granting a permit to Tomasso Brothers, Inc. to conduct a regulated activity on property it owns on North Mountain Road in Plainville, Connecticut. On October 2, 1991, the Commission made a finding that there was significant activity requiring a public hearing. The application was approved and the plaintiff October Twenty-Four, Inc. brought a timely appeal.
The Commission acted pursuant to General Statutes22a-42a. The plaintiff appeals pursuant to General Statutes22a-43 (a). As an abutting property owner, the plaintiff is aggrieved by the decision of the Commission. General Statutes22a-43 (a). An agency's decision must be sustained if an examination of the record discloses substantial evidence that supports any one of the reasons given. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 539-40 (1987). The court must take into account that the record may contain contradictory evidence, but that the possibility of drawing inconsistent conclusions does not prevent the agency's findings from being supported by the record. Id. at 542. Where no reasons for the decision are stated, a reviewing court is required to search the record for reasons to support the agency's decision. Kaesar v. Conservation Commission, 20 Conn. App. 309, CT Page 7466 312.
The plaintiff advances four arguments in favor of sustaining this appeal. The plaintiff first claims that proper notice to the adjoining town was not provided and that General Statutes 22a-42b, 22a-42c and the Plainville regulations were therefore violated. The New Britain Conservation Commission did receive actual notice of the proposed activity. Exhibit A. Notice to this commission in New Britain is notice to a specific recipient and is therefore "akin to a personal notice statute." Lauer v. Zoning Commission, 220 Conn. 455,461 (1991). Even if the city was not given notice or was given improper notice, "Failure to give personal notice to a specific individual is not a jurisdictional defect . . . and lack of personal notice may be waived by the party entitled to it." (Citations omitted.) Id. at 462. "The purpose of a personal notice statute is to `give actual notice to [the person entitled to notice].'" Id. quoting Schwartz v. Hamden,168 Conn. 8, 15 (1991). Therefore, if a person has actual notice of a hearing, the purpose of the notice provision is not frustrated. Lauer, 220 Conn. at 462. Since the adjoining town has received actual notice of the proposed activity in this case, the notice provision has not been frustrated. Therefore, there is no jurisdictional defect in this case. It is only the City of New Britain that is entitled to raise the issue of noncompliance with the notice provisions of 22a-42b
and 22a-42c. See Id. at 465. Therefore, the plaintiff cannot properly raise the notice issue in this appeal. Id.
The plaintiff next claims that the Commission failed to consider and safeguard against the effect of the proposed activity on offsite wetlands. The Commission, however, did impose protections to minimize potential downstream impacts of the proposed activity. A detention pond was required so that there would be zero net increase in runoff from the site. Construction of a retaining wall was required. Item JJ at 4. Hazardous chemicals were prohibited from being stored on site. Therefore, the Commission did act to safeguard against harm to offsite wetlands.
The plaintiff further argues that the Commission failed to address the proper filling of wetlands. However, a change in hydrology resulted in the drying of a number of wetlands and land changes caused by quarrying and other activities resulted in changes in the wetlands at the time of the CT Page 7467 application. Therefore, the changes in the wetlands were not due to improper filling of wetlands.
The plaintiff's final claim of error is that the Commission did not state reasons for granting the permit. A reviewing court is required to search the record for reasons to support the Commission's decision. Kaesar,20 Conn. App. at 312. The wetlands on the site were of low quality and the proposed activity would impact only .1 acre of wetlands. Furthermore, the construction of the required detention pond would result in a net increase in wetlands. Additionally, a retaining wall was required to protect the wetlands area. The proposed activity was also the subject to the various conditions and restrictions discussed earlier. Thus, there is substantial evidence in the record supporting the granting of the permit.
For the reasons stated, the appeal is dismissed.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT