[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPLEMENT THE RECORD
This case involves a proposed affordable housing subdivision. Affordable housing applications and appeals are subject to special procedures. General Statutes § 8-30g. The statutory scheme contemplates a procedure whereby an unsuccessful applicant may submit a modified application while preserving his rights to CT Page 2864 appeal the original decision of the commission. "Following a decision . . . to reject an affordable housing application . . . the applicant may, within the period for filing an appeal of such decision, submit to the commission a proposed modification of its proposal responding to some or all of the objections . . . articulated by the commission, which shall be treated as an amendment to the original proposal." Section 8-30g(b). The consequence of proceeding in this fashion does not "limit the right of an applicant to appeal the original decision of the commission . . . or to limit the issues which may be raised in any appeal. . . ." Section 8-30g(d).
In this case the plaintiff has both appealed the original decision and submitted a timely modified application. The modified application has been denied; plaintiff now seeks to amend his complaint and supplement the record to reflect the proceedings on the modified application.
The plaintiff though not proceeding in the manner specifically authorized by § 8-30g; is seeking by amending his complaint and supplementing the record, to end up with court review of the issues presented by the original and modified applications.
Defendant correctly notes that strict compliance with the statute is generally necessary to exercise a statutory right to appeal. Norwich Land Co. v. Public UtilitiesCommission, 170 Conn. 1, 6 (1975); Schwartz v.Hamden, 168 Conn. 8, 10-11 (1975). However, our Supreme Court has specifically recognized the necessity of liberal construction of the affordable housing statutes. "First, we reject the commission's premise that § 8-30g should be construed narrowly because it changes the existing legal structure. As a remedial statute, § 8-30g must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotations and citations omitted.)Kaufman v. Zoning Commission, 232 Conn. 122, 139-40
(1995).
The Affordable Housing Land Use Appeals Act is clearly designed to benefit developers of such projects, by altering the procedures including the burden of proof.[1] See § 8-30g(c). Affordable housing appeals are privileged cases, § 8-30g(d) which further supports the liberal construction necessary to allow plaintiff to proceed in this manner. CT Page 2865
The defendant does not claim prejudice to the commission, the public or any other interests. In order to effectuate the remedial nature of the Act, plaintiff may amend his complaint and the record shall be supplemented to reflect the proceedings on the modified application.
McWEENY, J.