[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST FOR LEAVE TO AMEND COMPLAINT AND MOTION TO SUPPLEMENT RECORD
Plaintiff, through its Request and Motion seeks to add to its affordable housing appeal issues related to its modified application. CT Page 6752
Affordable housing applications and appeals are subject to special procedures. General Statutes § 8-30g. The statutory scheme contemplates a procedure whereby an unsuccessful applicant may submit a modified application while preserving his rights to appeal the original decision of the commission. "Following a decision . . . to reject an affordable housing application . . . the applicant may, within the period for filing an appeal of such decision, submit to the commission a proposed modification of its proposal responding to some or all of the objections . . . articulated by the commission, which shall be treated as an amendment to the original proposal." General Statutes §8-30g(d). Proceeding in this fashion does not "limit the right of an applicant to appeal the original decision of the commission . . . or to limit the issues which may be raised in any appeal. . . ." General Statutes § 8-30g(d).
In this case the plaintiff has put the cart before the horse by appealing the original decision then filing a modified application. Now, it seeks to incorporate the record and issues raised in the modified application in the appeal on the original application.
In general, strict compliance with a statute is required to exercise a statutory right to appeal. Norwich Land Co. v. PublicUtilities Commission, 170 Conn. 1, 6 (1975); Schwartz v.Hamilton, 168 Conn. 8, 10-11 (1975). However, our Supreme Court has specifically recognized the necessity of liberal construction of the affordable housing statutes. "[W]e reject the commission's premise that § 8-30g should be construed narrowly because it changes the existing legal structure. As a remedial statute, § 8-30g must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks and citations omitted.) Kaufman v. Zoning Commission,232 Conn. 122, 139-40 (1995).
A liberal construction of § 8-30g would allow plaintiff to accomplish the desired result through this unusual procedural course.
The Request to Amend and the Motion to Supplement are granted.
Robert F. McWeeny, J. CT Page 6753