[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Henry R. Frey, Sr. applied to the defendant, New Hartford Inland Wetlands Watercourses Commission to enlarge an existing pond on his property. The existing man-made pond of about 1 acre was created about 1980 as a sedimentation basin for a subdivision. (Record, 10 ¶ 11 page 2). It is fed by groundwater and runoff from the subdivision. (Record, 11 page 2).
Frey proposed to increase the size of the pond by about 1 acre. (Return 11, page 2). A public hearing was held on October 27, 1997, November 24, 1997 and December 22, 1997. As of December 6, 1997, the application was amended to further delineate areas of wetland soil and to reduce the proposed area of the pond expansion from about 1 acre to about .75 acres, thus resulting in a decrease in water surface. (Return, 9). Also, this reduces the amount of excavated material from 12,500 cubic yards to 6,300 cubic yards. (Return 3, minutes of 12/22/97).
On February 23, 1998, the Commission approved the application after finding that there were no feasible and prudent alternatives. (Record, 6). The plaintiff Bert Brander an abutter with his own pond, has appealed. Counsel have stipulated but the plaintiff is agrieved and therefore entitled to appeal.
The plaintiff argues that water entering the proposed pond will be diverted from the Farmington River. Therefore, argues the plaintiff, the defendant Commission had no jurisdiction to act on Frey's application because diversion projects are under the jurisdiction of the State. This argument is without factual or procedural basis.
First, the Record does not support the claim that the proposed pond would cause diversion of water from the Farmington River. The engineering plans (Record, 9) shows that the height of the Farmington River is below the height of the surface of the pond. The source of water for the pond is groundwater and runoff, not the Farmington River. (Return, 11 p. 3). The plaintiff offered no evidence that there would be a diversion as alleged in the plaintiff's brief. In fact, overflow from the plaintiffs own CT Page 10435 pond joins with water from the Frey pond to flow into the Farmington River. (Return 11, p. 3). There is ample evidence in the record to support the Commission's jurisdiction.
The Commission made a specific finding that the project will have no adverse impact to the wetlands on the property. (Return, 6). This finding is supported by the testimony of Frey's engineer, Dave Whitney, who testified that the project would not disturb any wetlands (Return 11, p. 10). There was no expert testimony to contradict that of Mr. Whitney. On a technical subject such as wetlands, the Commission would have abused its discretion to reject the only expert testimony on the subject simply because it was not popular with a neighbor. Feinson v.Conservation Commission, 180 Conn. 421, 427 (1988).
The plaintiff alleges that Frey's application was "woefully incomplete". But, this allegation does not constitute a valid basis for appeal. The issue is not the application itself, but the record created by the applicant at the public hearing. The plaintiff must establish that substantial evidence does not exist in the record as a whole to support the Commission's decision.Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587 (1993). It is not enough to argue that another decision maker might have reached a different decision about the adequacy of the original application. Id. Furthermore, any alleged deficiencies in the original application were corrected when the revised plans were submitted. (Return, 9).
The plaintiff argues that the Commission failed to consider feasible and prudent alternatives to the application. The record does not support this claim. The application approved by Commission is itself a feasible and prudent alternative to the original application. IT reduced the size of the pond expansion as well as the amount of material to be excavated. This reduction was made as a result of comments and questions from the Commission and the public.
The Commission's decision-making process does not require explicit consideration of each alterative and an explicit finding that all other alternatives are not feasible and prudent. Samperiv. Inland Wetlands Agency, 226 Conn. 579, 589-90 (1993). Here, the Commission's minutes reflect:
 "Feasible and prudent alternatives were explored and the commission's approval is based on the belief that CT Page 10436 the amended application as presented is the most reasonable and prudent available." (Return, 3, minutes 2/23/98).
Although the Commission did consider alternatives, it was not obligated to do so in light of its findings that he project would not have an adverse impact on the wetlands. Under § 10.3(a) of the Regulations, the necessity of finding no feasible and prudent alternative does not exist is required only in cases where the proposed activity may have a significant impact on wetlands or watercourses.
The plaintiff raises several notice claims. First, the plaintiff argues that the requirement of § 8.1 and § 8.2 of the Wetlands Regulations (Return, 2) were not followed in that there is no evidence that the adjoining Town of Canton was notified of the pendency of this application. It does appear from the drawings (Record, 8 and 9) that the plaintiff is correct that the Frey property is within 500' of the Canton Town Line. Whether the "regulated activity" on the Frey property is within 500' of Canton is questionable. But, it is also irrelevant. The notice requirement in § 8.1 and § 8.2 of the Regulations (as well as that contained in C.G.S. § 22a-42b) is treated as a personal notice provision, and only the municipality that was entitled to receive the notice can raise non-compliance as a basis to invalidate the agency's decision. Laver v. ZoningCommission of Town of Redding, 220 Conn. 455, 460, 465 (1991); R. Fuller, 9 Connecticut Practice, Land Use Law and Practice, § 46.1, p. 743-44 (1933). Even if the notice to Canton was necessary and the Commission does not concede that it was the fac that it was not given only means that the action taken would be voidable if challenged by Canon. Id.
Second, the plaintiff argues that he failed to receive in a timely fashion the personal notice which is supposed to be sent to adjoining landowners pursuant to § 9.3 of the Regulations. Specifically, he claims to have received notice not less than ten (10) days before the hearing, but alleges that the Regulations required at least fifteen (15) days notice. The Regulations are included in the Record as Item 2. The requirement of § 9.3 is that notice of the public hearing be mailed by the applicant to the owners of record of abutting land and those within 100 feet, no less than ten (10) days prior to the day of the hearing. The version of the Regulations seemingly relied upon by the plaintiff (containing a 15 day notice period) were not adopted by the CT Page 10437 Commission and were not filed with the Town Clerk.
It is undisputed that the plaintiff did receive notice of the hearing. In fact, the plaintiff is a member of the defendant Commission, attended each night of the public hearings, but properly disqualified himself from participation as a member of the Commission on this application. It is also undisputed that the plaintiff engaged an attorney who represented the plaintiff at each of the sessions of the public hearing. In fact Attorney Lavieri spoke at each session. By attending and participating in the public hearing, the plaintiff waived any defect in the personal notice required by § 9.3. Schwartz v. Town ofHamden, 168 Conn. 8, 15 (1975); R. Fuller, 9 Connecticut Practice, Land Use Law and Practice, § 46.1, p. 744 (1933). Therefore, regardless of whether § 9.3 of the Regulations required a ten-day notice or a fifteen-day notice, the plaintiff cannot raise any alleged defect in this notice because he appeared through his attorney and participated in the hearing.
There is nothing in the Record which would have entitled the Commission to deny the application. The plaintiff has failed to sustain his burden of showing that the Commission acted in abuse of its discretion.
From a review of the record, the appeal is dismissed.
HON. WALTER M. PICKETT, JR.